IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOOCHEHR AZARI, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:05-CV-0095-P |
| v. | § § | |
| TARGET CORPORATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Target's Amended Motion for Summary Judgment, filed September 22, 2005,[1] and Plaintiff Manoochehr Azari's motion entitled "Target's Violation of the Honorable Judge Solis' Summary Judgment Schedule of June 23, '05" (hereinafter "Plaintiff's Motion for Contempt"),[2] filed November 17, 2005. After a thorough review of the parties' arguments, the pleadings, and the applicable law, the Court GRANTS Defendant Target's Motion for Summary Judgment and DENIES Plaintiff's Motion for Contempt.

I.  **Factual and Procedural Background**

Plaintiff Manoochehr Azari ("Plaintiff") is a Caucasian male of Iranian descent. He is

---

[1] Defendant filed a Motion for Leave to Amend a Portion of its Motion for Summary Judgment on September 21, 2005. The Court granted the motion on September 22, 2005, and Defendant's Amended Motion for Summary Judgment was deemed filed of record on that date. Plaintiff filed a Response on October 7, 2005, and Defendant filed a Reply on October 21, 2005. The Court notes that Defendant's Motion for Summary Judgment is 32 pages, and its Brief in Support of its Motion for Summary Judgment is 36 pages. This excessive length is in violation of LR 56 of the Local Civil Rules.

[2] As Plaintiff requests that the Court hold Defendant in contempt and rule in his favor, the Court will treat this correspondence as a motion.

currently employed as a Cashier by Defendant Target Corporation ("Defendant" or "Target"). Plaintiff originally worked at Target in 1981, then left voluntarily. Plaintiff re-applied and was re-hired by Target in 1988, at the age of 42. In his complaint, Plaintiff states that, in 1993, he began supervising the plant department at the Target store where he worked ("Store 55"), allegedly spending 40 hours a week in this role. From 1993 to 2001, the plant department at Store 55 was among the leading plant sellers in the corporation. But in 2001, a Super Target was opened within a mile of Store 55. This store opening reduced the sales and altered the products sold at Store 55. Defendant claims less time was needed for supervision of the plants, therefore, the majority of Plaintiff's time was spent as a Cashier. Plaintiff, however, claims that after the events of September 11, 2001, he was "relegated" to Cashier duties and his scheduled time at Target has decreased to an average of 25 hours per week. This reduction in hours has caused a decrease in benefits and income. Plaintiff further alleges that during his tenure at Target he has submitted 36 applications for promotion, yet has remained a Cashier.

On July 12, 2004, Plaintiff filed an administrative charge ("Charge #1") with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on his national origin, religion, and age, as well as retaliation. (App. Def.'s Mot. Summ. J. at 220.) The EEOC did not find that any discrimination had occurred, but sent Plaintiff a right-to-sue letter that clearly informed him of his right to bring a lawsuit in federal court within 90 days. Plaintiff, however, did not file suit within 90 days. Thereafter, Plaintiff filed a second EEOC charge ("Charge #2"), again alleging discrimination based on national origin, religion, and age. (*Id.* at 225.) A claim for retaliation was not included in Charge #2. Plaintiff received another right-to-sue letter on October 18, 2004, again giving him 90 days to file suit. Plaintiff then filed the

present lawsuit on January 14, 2005, within the mandated 90 days.

The Court initially notes that Plaintiff is proceeding *pro se*, therefore his complaint should not be held to the same standards of pleading as an attorney. Plaintiff should not be punished for lacking the linguistic skills of a trained lawyer, rather, courts have adopted the rule that the briefs and allegations of *pro se* litigants should be construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Taking this into consideration, the Court finds that Plaintiff has alleged claims of national origin and religious discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court further assumes that Plaintiff asserts age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[3] Target brings the instant motion, arguing that summary judgment is proper on each of Plaintiff's claims.

## II.  Summary Judgment Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such

---

[3] The Court will not assume that Plaintiff makes out claims under the Texas Commission on Human Rights Act ("TCHRA"). Plaintiff has not demonstrated that he has filed a TCHRA complaint, nor has he produced a right-to-sue letter from the state. Without a showing that state remedies have been exhausted, this Court lacks subject matter jurisdiction over TCHRA claims. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001).

an absence. *Id.* However, all evidence and reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248-50; *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III. Analysis

It is well established that "employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). In the Fifth Circuit, exhaustion of administrative remedies occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor*, 296 F.3d at 378-79; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). After receiving the EEOC right-to-sue letter, a potential plaintiff has 90 days to bring suit in federal court. Under Title VII and the ADEA, the time to file a complaint ends on the 90th day after the EEOC has issued its right to sue notice. *See* 42 U.S.C. §2000e-5(f)(1) (2001); 29

U.S.C. § 626(e) (1999); *see also St. Louis v. Texas Worker's Comp. Comm'n,* 65 F.3d 43, 47 (5th Cir. 1995).

### A.    Charge #1

Plaintiff submitted his original claim with the EEOC in July of 2004, alleging discrimination based on age, national origin, religion, and retaliation. In Charge #1, Plaintiff asserted that, because of this unlawful discrimination, he suffered the following adverse employment actions:

a) he was denied promotional opportunities from 9/16/03 - 6/4/04;

b) he was denied the opportunity to transfer stores;

c) he failed to receive a pay increase in the previous eight years; and

d) he had been retaliated against for voicing his concerns.

(App. Def.'s Mot. Summ. J. at 220.) Plaintiff acknowledges that he received his first right to sue letter from the EEOC on July 12, 2004. (*Id.* at 47.) The right to sue letter clearly informed him that he had 90 days in which to pursue his claim in federal court. Plaintiff did not file suit within this time.

The 90 day limit is strictly construed, failure to abide by it will result in dismissal of claims. *Taylor,* 296 F.3d at 379-80 (affirming decision of trial court to dismiss claims when suit was filed 91 days after plaintiff received right to sue letter); *Comer v. Gates of Cedar Hill,* No. 3-00-CV-2499-N, 2002 WL 31329364, at *2 (N.D. Tex. Oct. 11, 2002) (dismissing claims that were filed 93 days after receipt of right to sue letter). However, this time limit is not a jurisdictional prerequisite; in certain situations it may be subject to equitable tolling. *Id.* at *2 (citing *Middleton v. Gould,* 952 F. Supp. 435, 438 (S.D. Tex. 1996)). The Fifth Circuit has stated

that equitable tolling may apply where the claimant has actively pursued a judicial remedy but has filed a defective complaint, or where the claimant has been induced or tricked by his adversary's misconduct into not filing a timely complaint. *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). But this equitable tolling should be used sparingly. *Id.* In deposition, Plaintiff claims he did not file suit in federal court because he "had written letters to EEOC requesting guidance, and they had not responded." (App. Def.'s Mot. Summ. J. at 48.) Equitable tolling is only appropriate where claimant has "vigorously pursued his action, but has inadvertently missed deadlines." *Rowe*, 967 F.2d at 192. Passively waiting for the EEOC to respond to a written letter is not a vigorous pursuit of a lawsuit; Plaintiff makes no showing that convinces the Court to toll the 90 day limit. As suit was not filed within 90 days, summary judgment is proper and all claims in Charge #1 are dismissed. An employment discrimination suit may extend only as far as the underlying administrative charge, thus, Plaintiff's lawsuit is limited to the allegations brought in Charge #2. *See Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

**B.   Charge #2**

After failing to bring suit within the original 90 day time limit, Plaintiff filed a second charge with the EEOC alleging discrimination based on age, national origin, and religion.[4] Plaintiff claims this discrimination caused him to be denied promotions during his entire employment, specifically citing 8/3/04, 7/3/03, and 2/9/04 as instances where he was not promoted. (App. Def.'s Mot. Summ. J. at 225.) Plaintiff further claims his hours had been reduced since approximately 2001. On October 18, 2004, he received his right to sue letter and

---

[4] Plaintiff did not allege retaliation in Charge #2, therefore, the Court will not consider this claim.

proceeded to file suit in federal court within the specified 90 days.

Absent direct evidence of discrimination, Plaintiff's claims under both Title VII and the ADEA are analyzed under the tripartite burden-shifting test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000); *see also O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996). Under the *McDonnell Douglas* framework, Plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. The prima facie case, once established, raises a presumption of discrimination which Defendant must rebut by articulating a legitimate, nondiscriminatory reason for the challenged employment action. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell*, 235 F.3d at 222. If the employer carries its burden, the mandatory inference of discrimination created by the prima facie case disappears. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). "If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual." *Shackelford v. DeLoitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). "Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Id.*

### 1. Failure to Promote

As an initial matter, the Court finds that all but one of Plaintiff's failure to promote claims are time-barred and cannot proceed to the prima facie case. A plaintiff bringing claims under either Title VII or the ADEA must file a charge of discrimination with the EEOC within

300 days after learning of the conduct alleged. *See* 42 U.S.C. § 2000e-5(e)(1) (2001); 29 U.S.C. § 626(d)(2) (2001); *see also Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). Federal courts generally treat this 300-day filing requirement as in the nature of a statute of limitations. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-394 (1982); *see also Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998). Thus, any claims based on conduct occurring before December 22, 2003, are time-barred.

Plaintiff claims that he was "continuously denied promotions" since 1988. Under the "continuing violation" doctrine, a limited exception to the limitations period exists when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts. *See Huckabay*, 142 F.3d at 238. But this Court has repeatedly found that whenever failure to promote claims are involved, a plaintiff cannot rely on the continuing violation doctrine to extend the limitations period because such claims, by their very nature, are isolated occurrences that should have put the plaintiff on notice that a claim had accrued. *Benes v. City of Dallas*, No. 3:99-CV-0771-P, 2002 WL 318334, at *7 (N.D. Tex. Feb. 26, 2002) (Solis, J.); *see also Blackman v. City of Dallas*, No. 3:00-CV-0075-P, 2001 WL 18752, at *2 (N.D. Tex. Jan. 23, 2001) (Solis, J.) (citing *Huckabay*, 142 F.3d at 240). Therefore, Plaintiff cannot maintain any claims based on a failure to promote that occurred prior to December 22, 2003, 300 days before Charge #2 was filed with the EEOC. The failure to promote on 7/3/03 is time-barred and summary judgment is appropriate.

Furthermore, the failure to promote on 2/9/04 is also barred. This alleged incident

occurred before Plaintiff filed Charge #1 and was included in his original EEOC complaint.[5] As discussed previously, the claims made in Charge #1 are dismissed because Plaintiff failed to file his complaint in federal court within 90 days. Plaintiff cannot circumvent the 90 day time limit by simply filing another EEOC complaint. The time limitations of Title VII and the ADEA would be rendered meaningless if potential plaintiffs could evade those requirements by simply re-filing their claim of discrimination. *Garnica v. Zale Lipsy Univ. Hosp.*, No. 3:03-CV-0637-P, 2004 WL 330675, at *3 n.2 (N.D. Tex. Feb. 10, 2004) (Solis, J.) (citing *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d. Cir. 1986)). Summary judgment is likewise granted with regard to the failure to promote claim of 2/9/04.

Plaintiff's sole remaining claim is the alleged failure to promote of 8/3/04. On July 26, 2004, Plaintiff submitted an application to be considered for a role as Team Leader. Plaintiff was not selected for an interview and was not promoted. To survive summary judgment, Plaintiff must establish a prima facie case of unlawful discrimination. A prima facie case based on failure to promote is established by a showing that: (1) Plaintiff is a member of a protected class; (2) Plaintiff sought and was qualified for the position; (3) he was rejected for the position; and (4) the position was filled by someone outside the protected class or the employer continued to seek applicants with Plaintiff's qualifications. *Medina*, 238 F.3d at 680-81; *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000); *see also Ramirez v. Univ. of Tex. Sw. Med. Center*, No. 3:03-CV-2625-D, 2005 WL 1017820, at *3 (N.D. Tex. Apr. 28, 2005).

Defendant alleges that Plaintiff has not met this initial burden. But several courts have

---

[5] Charge #1 complained of failures to promote between 9/16/03 - 6/4/04. This would include the cited failure to promote on 2/9/04.

remarked that, in many cases, a "prima facie case is fairly easily made out." *Florer v. Electronic Data Sys.*, No. 3:03-CV-1175-H, 2004 WL 1898266, at *4 (N.D. Tex. Aug. 24, 2004) (citing *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991)). Viewing the evidence in a light most favorable to Plaintiff, the Court finds that a prima facie case is met. First, Plaintiff is undisputedly a member of a protected class, as he is 59 years old and of Iranian descent. Second, in response to the Magistrate Judge's interrogatories, Plaintiff has submitted copies of the job posting for the 8/3/04 position, as well as his application for such position. (Resp. Mag. Judge's Interrogs. at 12-13; App. Def.'s Mot. Summ. J. at 271-72.) According to the application, Plaintiff met the minimum eligibility requirements, thus the second prong is satisfied. Third, it is undisputed that Plaintiff was not selected for the position. Fourth, it is unclear from the evidence who exactly was hired for the 8/3/04 Team Leader position. But viewing the evidence in the light most favorable to Plaintiff, it appears that Defendant continued to seek applicants who, like Plaintiff, met the minimum eligibility requirements.

In response, Defendant offers a legitimate, non-discriminatory reason for not promoting Plaintiff. Defendant states by way of affidavit that Plaintiff was not the most qualified candidate for the position and no one from Store 55 was sent to interview for the 8/3/04 Team Leader position. (App. Def.'s Mot. Summ. J. at 478.) Defendant claims that Plaintiff was not promotable at the time, primarily due to his lack of interpersonal skills and tendency to avoid conflict. (Def.'s Br. at 21.) Furthermore, Defendant states that Plaintiff's performance, as measured by a computer, was merely average. (App. Def.'s Mot. Summ. J. at 477.) Taking these factors into account, Target believed in its business judgment that Plaintiff was not the best applicant for the position. The Fifth Circuit has stated that an employer's proffered reason does not have to be

persuasive or even credible, only legitimate and non-discriminatory. *See Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993). Given this low threshold, the Court finds that Defendant has easily met its burden of production and has offered legitimate, non-discriminatory reasons for not promoting Plaintiff.

Once the parties have met their initial burdens, the burden shifts back to Plaintiff to adduce sufficient evidence such that a reasonable trier of fact could conclude there was pretext or intentional discrimination. *See McDonnell Douglas*, 411 U.S. at 802-04; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425-26 (5th Cir. 2000). The Court finds that Plaintiff has not met this burden. In his complaint and response to Defendant's motion for summary judgment, Plaintiff repeatedly cites his "record-breaking" achievements with the plant department as evidence of Defendant's discriminatory motives in refusing to promote him. But the fact that Plaintiff has had success supervising plants does not necessarily indicate that he is deserving of a promotion to supervise other employees. Plaintiff has offered no evidence that would suggest he was as qualified as those selected for promotion, and has provided no evidence that impermissible motives were underlying the decision not to promote him. Target claims they were faced with a business decision and decided to hire a person they viewed as a more qualified candidate. The Fifth Circuit has repeatedly stated that the discrimination laws are not intended to allow judges to second-guess the business decisions of an employer. *See, e.g., Deines v. Tex. Dep't of Protective & Regulatory Serv.*, 164 F.3d 277, 281 (5th Cir. 1999); *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997).

The crux of Plaintiff's argument is that he has been employed at Target for over 17 years and he believes that he should have been promoted by now. But this conviction alone is not

enough to withstand Defendant's motion for summary judgment. A plaintiff's own subjective belief of discrimination, however genuine, is insufficient to rebut an employer's legitimate, non-discriminatory reasons and cannot be the basis of judicial relief. *See Montgomery v. Trinity I.S.D.*, 809 F.2d 1058, 1062 (5th Cir. 1987); *Dean v. Kimberly-Clarke Corp.*, No. 3:02-CV-1682-K, 2005 WL 309509, at *4 (N.D. Tex. Feb. 8, 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). Plaintiff has failed to raise a genuine issue of material fact regarding Defendant's discriminatory motive; summary judgment is proper on all of Plaintiff's failure to promote claims.

2. **Reduction of Hours**

Plaintiff's claim of discrimination based on reduction in hours is analyzed under the same *McDonnell-Douglas* framework described above. The Court declines to repeat the analysis here, however, for even if Plaintiff were able to establish a prima facie case, the Court once again finds that Plaintiff's allegations alone are insufficient to rebut Target's legitimate, non-discriminatory reasons for the alleged reduction in hours. By way of affidavit, Defendant states that the scheduling is done primarily by way of computer and thus no discriminatory motives can be assigned to a machine. (App. Def.'s Mot. Summ. J. at 476.) Further, any shortcomings in Plaintiff's schedule are based on his stated inability to work opening, closing, or weekend shifts. (*Id.* at 107-08, 114.) Plaintiff fails to address either of these legitimate reasons, instead, he repeatedly claims that his hours have been reduced since "the tragedy of 9/11." However, such a claim, without more, will not survive summary judgment. Plaintiff has not put forth evidence

that would show his hours have decreased, nor has he put forth any evidence that would raise a genuine fact issue as to Defendant's discriminatory motivations even if it were shown that his hours have declined. As there is no issue of material fact on which a reasonable fact finder could disagree upon, summary judgment is granted.

### IV.   Motion for Contempt

The Court finds that Plaintiff's Motion for Contempt is wholly without merit. On September 22, 2005, this Court granted Defendant's Motion for Leave to Amend a Portion of its Motion for Summary Judgment. Within such Order, the Court permitted the amended motion for summary judgment to be filed on September 22, 2005. Any response was due by October 7, 2005, and a reply, if necessary, was to be filed by October 24, 2005. Defendant complied with the Court's order by filing a reply on October 21, 2005. As such, there is no basis for Plaintiff's Motion for Contempt.

### V.   Conclusion

For the reasons stated herein, the Court GRANTS in all respects Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Contempt.

**IT IS SO ORDERED.**

Signed this 5th day of December 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE